IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MIKE PADBERG, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:11-cv-04035-NKL |
| DISH NETWORK L.L.C., a Colorado limited liability corporation, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant DISH Network L.L.C.'s ("DISH") Motion to Transfer Venue [Doc. # 11]. For the reasons set forth below, the Court denies DISH's Motion.

**I.  Background**

Plaintiff Mike Padberg ("Padberg") is the putative class representative for subscribers in Missouri and throughout the United States who paid for DISH satellite television packages, including FOX Network's regional sports programming, during the month of October 2010. Padberg brought this action individually and on behalf of all others similarly situated against Defendant DISH for breach of the parties' contracts, breach of the duty of good faith and fair dealing, unjust enrichment, and violation of Colorado and Missouri consumer protection laws. Padberg experienced a temporary loss

1

of FOX Network's regional sports programming from October 1, 2010 to October 29, 2010, and DISH did not provide Padberg a rebate, refund, or reduction in DISH's monthly fees.  Padberg resides and subscribed to DISH's programming in Cole County.  DISH now moves the Court to transfer this action to the District of Colorado under 28 U.S.C. § 1404(a).

According to DISH, nearly all of its witnesses and other sources of proof will be available in Colorado, its principal place of business.  DISH maintains no offices in Missouri.  Additionally, the subscription agreement between it and Padberg contains a Colorado choice of law provision.  DISH also asserts that Padberg's choice of forum is less relevant because he seeks to certify a nationwide class.  Padberg responds that DISH marketed and sold its local sports programming to him in the Western District of Missouri, was to perform its agreement in this District, and he suffered damage in this District.  Padberg also argues that he represents a putative class, which will include Missouri residents and will involve witnesses and evidence from across Missouri.  According to Padberg, while Colorado law will govern his Colorado Consumer Protection Act claim, Missouri law will govern his claim under the Missouri Merchandising Practices Act and possibly his claims for injunctive and declaratory relief as well.  Padberg also responds that none of DISH's counsel resides in Colorado, whereas Plaintiff's counsel resides in either Missouri or Illinois.

**II.     Discussion**

This Court may transfer an action to another district if two requirements have been met. First, the proposed transferee district must be one in which the action "might have been brought." 28 U.S.C. § 1404(a). The parties do not dispute that this action could have commenced in either the District of Colorado or this District. Second, the transfer must be for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The convenience of the parties, the convenience of witnesses, and the interests of justice weigh into § 1404(a) analysis, though this list is not exhaustive. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 692 (8th Cir. 1997). Having declined to "offer an 'exhaustive list of specific factors to consider,'" the Eighth Circuit informs that district courts should "weigh 'case-specific factors' relevant to convenience and fairness" when considering whether transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (citing *Terra Int'l, Inc.*, 119 F.3d at 691). The trial court has discretion in weighing these factors. *See Wilson v. H&R Block Enters.*, 369 Fed. Appx. 772, 774 (8th Cir. 2010) (citing *Hubbard v. White*, 755 F.2d 692, 694-95 (8th Cir. 1985)).

The Court finds that the convenience of the parties is balanced as Padberg resides in Missouri and his counsel are located in Missouri or Illinois, while DISH is located in Colorado and its counsel are located in Missouri or California. Additionally, members of the putative class will presumably be residents of Missouri, Colorado, and any other states, so this factor is rendered neutral as to the parties.

Next, the Court considers the convenience of the witnesses. DISH has identified eight witnesses, all employees of DISH and located in Colorado. Padberg has identified

3

himself and a number of advertisers and DISH sales agents who may have relevant information. Padberg's witnesses are in Missouri, and presumably, if Padberg's proposed class is certified, it will consist of additional witnesses who are also located in Missouri. This factor is not "a battle of numbers." *See American Std., Inc. v. Bendix Corp.*, 487 F. Supp. 254, 263 (W.D. Mo. 1980). Instead, witnesses are evaluated on "the nature and quality of their testimony in relationship to the issues of the case." *ASAI, Inc. v. Guest + Reddick, Inc.*, No. 09-0041-CV-W-FJG, 2009 WL 1657436, at *6 (W.D. Mo. June 10, 2009) (quoting *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 928 (W.D. Mo. 1985)). Where both parties identify witnesses with information critical to the issues in this case, this factor is also neutral. *Janson v. LegalZoom.com, Inc.*, 727 F. Supp. 2d 782, 788 (W.D. Mo. 2010). Additionally, the Court finds that this District has the ability to compel attendance of the central witnesses or that the parties otherwise control the attendance of their witnesses.

In close relation to the convenience of witnesses factor is the parties' relative accessibility to sources of proof, which the Court finds is neutral to both parties. Neither Padberg nor DISH specifically cite to documents that would need to be transferred, and "because usually many records, or copies thereof, are easily transported, their location is not entitled to great weight." *American Std.*, 487 F. Supp. at 264. As neither party has made a significant showing for this factor, the Court finds that it is neutral.

4

In further assessing the interests of justice, courts may consider the comparative costs to the parties of litigating in each forum. *Terra Int'l, Inc.*, 119 F.3d at 696. In this case, each party will bear additional expense if the case is not heard in its preferred forum. The relative means of the parties may be considered in determining transfer. *Janson*, 727 F. Supp. 2d at 788. Additionally, the Court's consideration of the relative disparity of the parties must also account for whether it is viable for other members of the putative nationwide class to litigate in either forum. *Dacar v. Saybolt LP*, No. 7:10-CV-12-F, 2011 WL 223877, at *8 (E.D.N.C. Jan. 24, 2011). The Court finds that travel for some class members will be necessary regardless of the forum of the case, so this consideration is neutral to the parties. However, Padberg here is an individual whereas DISH is a corporation with a national presence. This factor weighs against transfer. *See Janson*, 727 F. Supp. 2d at 788.

Next, the Court assesses the considerations of "local law." DISH argues that the choice of Colorado law provision in the parties' subscription agreement favors transfer. Padberg argues that while Colorado law may govern his claim under the Colorado Consumer Protection Act, Missouri law is likely to govern his claim under the Missouri Merchandising Practices Act ("MMPA") as well as his claims for injunctive and declaratory relief. Transfer is not favored where there is uncertainty as to which law applies, *American Std.*, 487 F. Supp. at 263-64. Even if the substantive law of Colorado governs some claims in this action, this consideration is entitled to little significance in the court's decision. The general view is that this factor is to be given little weight where

5

the foreign law to be applied is neither complex nor unsettled. *See Houk*, 613 F. Supp. at 932. This Court is routinely called upon to apply the law of other jurisdictions in diversity actions, and would be capable of doing so here. Additionally, the Court finds that there are advantages to having a Missouri court determine issues of Missouri law, as many of Padberg's claims do turn on Missouri statutes. Further, this case would suffer a possibility of prejudice and delay upon transfer as the parties are already engaging in discovery, a trial date has been set, and the Court is familiar with the case. Transfer would, to some extent, frustrate trial efficiency. Thus, this factor weighs against transfer.

Finally, and most importantly, Padberg's choice of forum is the United States District Court for the Western District of Missouri. Because federal courts give considerable deference to a plaintiff's choice of forum, the party seeking a transfer under section 1404(a) bears a heavy burden of proving that a transfer is warranted. *Terra*, 119 F.3d at 691; *In re Apple, Inc.*, 602 F.3d at 913. DISH argues that this deference should be diminished by its presentation of evidence that Padberg's counsel has been forum shopping. While the Court notes that Padberg's attorneys appear to have commenced similar litigation in other jurisdictions, Padberg is not a party to any of those other actions and none of those plaintiffs are parties to the instant case. The Court finds that this contention is insufficiently substantiated as to these Plaintiffs.

DISH next argues that Padberg's choice of forum should be given less deference because he seeks to represent a nationwide class. However, Padberg resides in this forum and the operative facts giving rise to his claims occurred in this forum. Further, as

6

discussed above, there may be a Missouri subclass certified in this case and the nationwide class would be no more inconvenienced by litigating in Missouri than in Colorado. DISH's arguments in this case do not warrant disturbing the weight accorded to Padberg's choice of forum.

After considering the foregoing factors, the Court finds that DISH has not met its burden of showing that the balance of interests weighs in favor of transfer. The Court finds that transfer of this case is not in the best interests of the parties, witnesses, or justice.

### III. Conclusion

Accordingly, it is hereby ORDERED that DISH's Motion to Transfer Venue [Doc. # 11] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 12, 2011
Jefferson City, Missouri