IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MIKE PADBERG, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DISH NETWORK LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 11-04035-CV-C-NKL |

**ORDER**

Before the Court is DISH Network's Motion for Reconsideration of the Court's Order granting a new trial and of its Order clarifying the reasons for granting a new trial. [Doc. 402]. DISH also requests that the Court certify for interlocutory appeal its Order clarifying the reasons for granting a new trial. For the reasons set forth below, DISH's Motion for Reconsideration and Request for Certification of Interlocutory Appeal, [Doc. 402], is denied.

**I. Background**

During trial, the Court read the following instructions before the jury began deliberating:

> **Instruction 11**
> Your verdict must be for the Plaintiffs on their claim for breach of the duty of good faith and fair dealing if you find that Plaintiffs have proven all of the following by the greater weight of the evidence:
> *First*, at the time of entering into the contract, a reasonable customer would expect an automatic monetary credit or price adjustment if DISH Network did not provide the FSN and/or FX channels.
> *Second*, DISH Network did not provide FSN and/or FX programming to the Plaintiffs from October 1 through October 28, 2010;

1

>           *Third*, DISH Network did not provide an automatic monetary credit or price adjustment to the Plaintiffs for the lost programming; and
>           *Fourth*, the Plaintiffs were thereby damaged.
>           However, your verdict must be for DISH Network if DISH Network has proven by the greater weight of the evidence that the loss of FSN and/or FX programming from October 1 through October 28, 2010 was beyond the reasonable control of DISH Network.
>
>           **Instruction 13**
>           If you find in favor of the Plaintiffs under Instruction 11, the Plaintiffs are entitled to recover damages which resulted naturally and probably from the breach of the duty of good faith and fair dealing.

After deliberating, the jury found in favor of Plaintiffs and awarded $880,540.00.

On September 26, 2014, Plaintiffs filed a Motion for New Trial, [Doc. 352]. Plaintiffs argued that the jury's damage award was against the great weight of the evidence. In particular, Plaintiffs argued that while the jury found in favor of the entire 8.8 million class members involved in this case, it only awarded damages in an amount that equaled payments by 176,108 class members. Plaintiffs argued that the jury's verdict was inconsistent with the instructions which required damages to be calculated for the whole class not some sub group of the class, was substantially lower than DISH's own expert opined, and was the result of DISH's counsel violating the Court's rulings. In response, DISH's counsel argued that by awarding only $880,540.00, the jury actually found in favor of DISH and against 98 percent of the class. *See* Oral Arg. Trans., [Doc. 385, pp. 15, 18].

After consideration of the Parties' written briefs and oral arguments, the Court orally granted Plaintiffs' Motion for New Trial. [Doc. 380]. In a subsequent written Order, the Court confirmed that a new trial was necessary because, by the clear wording of the instructions, the jury found DISH liable to all Plaintiffs and any damages awarded were to the class as a whole.

2

The Court also concluded that the award was inconsistent with the great weight of the evidence, including DISH's expert's own estimation of damages. *Id.* at p. 6. The Court further concluded that a new trial was necessary because DISH's counsel repeatedly inserted the issue of individual subscribers' subjective intent into the trial in violation of repeated orders by the Court. *Id.* at pp. 6-7.

## II. Discussion

### A. Reconsideration of Order Granting a New Trial

DISH argues the jury's verdict should be upheld because the Court can allocate the award to class members according to their programming package. DISH argues that nothing in the jury instructions required the jury to award uniform damages to all class members, and that the evidence supports an award of $5.00 to only those class members who purchased the AT120+ package. DISH further contends that ample evidence supports a finding that only the AT120+ class members had damages capable of being ascertained and calculated. DISH also asserts that the jury instructions did not require the jury to return a verdict for the whole class.

Federal Rule of Civil Procedure 23(c)(1)(C) permits the court to alter or amend its original certification order before final judgment. "A court may divide a class into subclasses on motion of either party, or *sua sponte*." Newberg on Class Actions § 7:30 (5th ed.); *see also* Alteration or Amendment of Certification, 7AA Fed. Prac. & Proc. Civ. § 1785.4 (3d ed.); *Garcia v. Tyson Foods, Inc.*, 890 F.Supp.2d 1273, 1297 (D. Kan. 2012), *aff'd*, 770 F.3d 1300 (10th Cir. 2014); *Perryman v. Johnson Products Co.*, 698 F.2d 1138, 1147 (11th Cir. 1983); *Reed v. Town of Babylon*, 914 F.Supp. 843, 848 (E.D. N.Y. 1996); *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 877-78 (11th Cir. 1986).

3

However, none these cases deal with a jury verdict that is inconsistent with the instructions and where a judge has been asked to recertify the class to reflect what is thought to be the intent of the jury. For example, in *Garcia*, the plaintiffs sought to narrow the class after a jury trial because only the claims of certain class members were tried to the jury. *Garcia*, 890 F.Supp. 2d at 1297. In granting the request for a modification to the class, the district court observed that while the class expert may have studied and calculated damages for all class members, the expert based his methodology on the more narrow class suggested by the plaintiffs and that it was "clear that plaintiffs only sought to prove damages" for the more narrow class. *Id.* at 1298. *Perryman* did not involve a decision by a jury at all, and while the Eleventh Circuit affirmed modification of a class after a bench trial, the Eleventh Circuit's opinion does not disclose why this modification was necessary. *See Perryman*, 698 F.2d at 1147. A review of the trial court's findings of fact and conclusions of law, however, reveals that upon hearing the evidence at trial, but before concluding that the defendant was liable, the trial court found that the plaintiffs' evidence "was confined almost exclusively" to a more narrow subset of class members and that recertification was necessary. *Perryman v. Johnson Prods. Co., Inc.*, 532 F.Supp. 373, 374 (N.D. Ga. 1981), *vacated on other grounds by Perryman*, 698 F.2d 1138. Likewise, in *Reed*, another case that did not involve a jury verdict, the trial court concluded that recertification post-trial was necessary because there was a "complete lack of evidence" presented at the bench trial related to a specific group of class members. *Reed*, 914 F.Supp. at 848-49. In *Kilgo*, the district court expanded the class with respect to a particular claim to conform to what had been proved at trial, but again, the recertification occurred at the conclusion of a bench trial, and the trial court did not recertify in an attempt to conform the class to a jury's verdict. *Kilgo*, 789 F.2d at 877-88.

4

Citing to *In re Urethane Antitrust Litig.*, 2013 WL 3879264 (D. Kan. 2013), DISH argues a new trial is not necessary because the award can be allocated post-verdict based on the evidence. DISH contends that the Court could award damages only to the AT120+ class members and no damages to the rest of the class. They argue this resolution would not be inconsistent with the jury's verdict because, according to *Spears v. Hough*, 458 F.2d 529, 531 (8th Cir. 1972), and *Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 391 F.3d 936, 946 (8th Cir. 2004), a jury can find in favor of a plaintiff but award no damages. However, the issues in these cases are distinct from the issues in this case. For example, in *In re Urethane*, there was no issue regarding whether the verdict itself was against the great weight of the evidence or inconsistent with the jury instructions. Rather, the parties merely disagreed as to "the particular manner in which the total damages found by the jury [were] distributed among the class members" because the defendant argued that individual awards must be determined by a jury. *In re Urethane*, 2013 WL 3879264, at *2-3. And in *Spears* and *Dairy Farmers*, which were not class actions involving millions of class members, the jury specifically found that a particular plaintiff sustained no damages. Here, the jury found in favor of the entire class and awarded damages to the entire class. Unlike in *Spears* and *Farmers*, there was no finding by the jury in this case that particular class members suffered no damages, and the courts in those cases were not asked to speculate who the jury intended to award damages to and who they did not. Therefore, the Court is not persuaded that it can hypothesize that the jury intended a result contrary to what the jury instructions required – an award to the class, not an award to some of the class.

Further, as previously discussed, DISH violated the Court's orders on an issue it clearly regarded as important to its position. *See* [Doc. 353, pp. 9-13] (summarizing the "at least 14 occasions" DISH's counsel and witnesses offered questions or testimony related to subjective intent, which had been excluded by the Court). A verdict against the weight of the evidence is a natural consequence of such conduct and makes it virtually impossible to determine what the jury would have done absent the egregious conduct.

### B. Certification for Interlocutory Appeal

In addition to asking the Court to reconsider its Order clarifying the reasons for a new trial, DISH moves the Court to certify that Order for interlocutory appeal. DISH requests that the following question be certified: "Is the jury's aggregate damage award to the class invalid because it purportedly awards damages to only a subset of the class." [Doc. 402, p. 4]. Certification for interlocutory appeals pursuant to 29 U.S.C. § 1292(b) requires a district court to be of the opinion that "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty, Iowa v. Piper Jaffray Co.*, 525 F.3d 643, 646 (8th Cir. 2008). "A motion for certification must be granted sparingly, and movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

DISH has not met its burden of demonstrating that the proposed issue is an exceptional one warranting interlocutory appeal and the Court need not address each specific element above because certification will not materially advance the ultimate termination of the case. Even if the Eighth Circuit concluded that the jury's aggregate damage award to the class was not invalid because it purportedly awarded damages to only a subset of the class, a new trial would still be

6

necessary because the damage award is likely the result of improper considerations injected into the trial by DISH's counsel and because it is unclear whether the jury found DISH liable to all Plaintiffs or only a small fraction of Plaintiffs. The Court's determination that a new trial was necessary based on the evidence presented and the jury's verdict is not the type of "controlling question of law" appropriately addressed by an interlocutory appeal. Therefore, DISH's Motion to Certify for Interlocutory Appeal is denied.

### III. Conclusion

For the reasons set forth above, DISH's Motion for Reconsideration and Request for Certification of Interlocutory Appeal, [Doc. 402], is denied.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: <u>June 5, 2015</u>
Jefferson City, Missouri