UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MIKE PADBERG, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 2:11-cv-04035-NKL |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| DISH NETWORK L.L.C, a Colorado limited liability corporation, ) ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff's motion for award of attorneys' fees, expenses and class representative incentive award, Doc. 495. In light of the motion, the Court reopens the case. For the reasons set forth in Plaintiff's motion, and based upon the findings set forth below, Plaintiff's motion is granted.

1. On January 23, 2018, the Court entered its Order granting preliminary approval of the Parties' Settlement Agreement in this cause. Doc. 488. The Settlement Agreement was the product of extensive negotiations and multiple settlement conferences with Magistrate Judge John T. Maughmer following nearly seven (7) years of adversarial litigation involving, *inter alia*, multiple dispositive motions, amended pleadings, extensive fact and expert discovery, certification, *Daubert* hearings, a jury trial, extensive post-trial motions, and an interlocutory appeal to the Eighth Circuit in a related case, *Stokes v. DISH Network L.L.C.*, Case No. 2:14-cv-04338-NKL ("*Stokes*"), which has application to this Action, and has resulted in the filing of Plaintiff's Second Amended Class Action Complaint ("SAC").

2. The Settlement Agreement provides substantial injunctive relief requiring DISH

to modify its Digital Home Advantage Plan Agreement (the "DHA Plan Agreement"), and any successor agreements, for a period of two years, to prominently disclose, above the customer's signature, the rights of DISH to change its programming during the term of the DHAP. The Settlement Agreement also requires that this disclosure be initialed by the customer. Doc. 486-1, § 2.1.

3. The Settlement Agreement also provides monetary relief for Class Members, including: (A) monetary relief and credits for Class Members who are current and former AT120+ Customers, paid from a $2,700,000 Settlement Fund to be established by DISH, Doc. 486, §§ 2.4, 6.2; and (B) credits for Class Members who are current and former non-AT120+ Customers, to be provided by DISH separate from the Settlement Fund. Doc. 486-1, § 2.5.

4. The Settlement Agreement provides that Class Counsel shall submit to this Court an application for attorneys' fees, costs and expenses ("Application"), in an amount equal to the "Settlement Fund Remainder," which is the money remaining in the Settlement Fund after the Claims Administrator has first tendered: (A) monetary relief and credits to AT120+ Class Members pursuant to §§ 2.4 and 6.2; (B) payment of any service award to plaintiff Mike Padberg, pursuant to § 2.9; (C) reimbursement to Dish for its costs associated with emailing Class Notice to non-AT120+ Class Members, not to exceed $15,000, pursuant to §§ 3.1(a) and 6.1; (D) the Settlement Administrator has been reimbursed for certain costs, pursuant to §§ 3.1(b), 3.1(c), 3.2 and 3.4.

5. On March 9, 2018, Plaintiff filed his Application and posted a copy of the Application to the Settlement Website.[1]

6. Defendant DISH Network L.L.C. does not oppose Plaintiff's Application.

---

[1] *See* https://www.padbergdishclassaction.com/SettlementDocuments.

7. The Court-ordered deadline for Class Member objections is April 23, 2018. No Class Member has objected to Plaintiff's Application.

8. Under the terms of this proposed settlement, the Court finds that the proposed fee structure is permissible, appropriate, and does not create a conflict of interest because the Settlement makes Class Counsel's pecuniary interests subordinate to those of the class members. Class Counsel have no ability to affect or alter class member claims and no right to review and/or approve class member claims, which is being administered by the Settlement Administrator, Dahl Administration. In sum, the Court does not find the structure of the proposed attorney fee to be unreasonable or unfair to Class Members.

9. The Court also finds that an attorney fee award is appropriate pursuant to Federal Rule of Civil Procedure 23(h) because a fee is specifically allowed by the parties' settlement agreement. The lodestar approach is the appropriate metric to measure the reasonableness of the attorney fee award in this case. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244-245 (8th Cir. 1996).

10. In determining the reasonable number of hours expended by Class Counsel, the Court is satisfied with relying on summaries and affidavits of counsel. *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 871 (8th Cir. 2014) (citing *In re Diet Drugs*, 582 F.3d 524, 539 (3d Cir. 2009)); *Pollard v. Remington Arms Co.*, 320 F.R.D. 198 (W.D. Mo. Mar. 14, 2017). The Court notes that this case has been heavily litigated since early 2011. As noted in Plaintiff's Application, this nationwide class case was filed more than seven years ago and has required:

- Early and extensive dispositive motion briefing and multiple hearings;
- Voluminous written discovery;
- Deposition discovery;

3

- Expert discovery;
- Class certification briefing;
- An attempted FRCP 23(f) appeal to the Eighth Circuit Court of Appeals;
- Voluminous cross-motions for summary judgment, and *Daubert* motions;
- Five mediation sessions with four different mediators;
- A week-long jury trial in Jefferson City, Missouri;
- Post-trial motions and hearings for a new trial and reconsideration of the order granting a new trial;
- Motions to decertify the class, revisit prior evidentiary rulings, an appeal in a related case and countless other activities and events leading up to the instant Settlement; and
- Amended pleadings and briefing on dispositive motions on the amended complaint following the Eighth Circuit's ruling interpreting DISH's form contract.

11. Class Counsel have, under oath, set forth the hours expended by each law firm, and provided each law firm's lodestar evidencing that Class Counsel have collectively spent more than 8,000 hours pursuing and prosecuting the claims of the Plaintiff and the Class. The Court agrees that Class Counsel have vigorously and zealously advocated on behalf of Plaintiff Padberg and the class members for years and, as Plaintiff notes, did so on a purely contingent fee basis with no guarantee that their efforts would ever result in a fee.

12. Applying the lodestar analysis to Class Counsel's hourly rates and hours expended, the Court finds that the requested attorney fee is reasonable because, regardless of how much of the Settlement Fund reverts to Class Counsel, it will still be less than Class Counsel's lodestar. The total Settlement Fund, before any payments, is $2,700,000. Class Counsel's lodestar is more than $3 million, with an additional $711,278.16 in previously incurred costs and expenses, exclusive of the settlement administration costs and expenses. Accordingly, even if

there were no class member claims, and no settlement administration costs, reversion of the entire Settlement Fund to Class Counsel as a fee would be reasonable.

13. In addition to Class Counsel's lodestar, the Court has reviewed the factors recognized by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), *viz.*: (1) the time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id. at* 430 n.3, 434. The Court finds that the relevant factors weigh in favor of Class Counsel's request. First, the time and labor required was commensurate with and likely exceeds the fee Class Counsel will receive. Second, the case presented novel and difficult questions regarding interpretation of Colorado law that required appellate review to fully resolve. In addition, there is no doubt Class Counsel had opportunity costs associated with this case and were precluded from other employment by litigating for so many years. As to the fifth and sixth factors noted above, a customary fee in an individual case such as this might be hourly, which is further support for Class Counsel's request to base the reasonableness of the fee on their hourly lodestar. The amount involved and the results obtained in this case are discussed above and are noteworthy because of the relief Class Counsel obtained in the face of DISH's pending efforts to decertify the class and extinguish all class member claims. The experience, reputation, and ability of Class Counsel also weighs in favor of the requested fee. Finally, the requested fee is in-line with fee awards in other cases, which have awarded lodestar fees to successful plaintiffs. *See*

*Berry v. Volkswagen Group of America, Inc.*, 397 S.W.3d 425 (Mo. banc 2013).

14. The Court also finds that the litigation expenses referenced in Plaintiff's Application appear to be expenses of the type that are routinely charged to paying clients and thus, an award for recovery of these expenses is appropriate.

15. Finally, the Court approves the class representative incentive award of $15,000 requested by plaintiff Mike Padberg. Courts routinely grant approval of class action settlements containing an allowance for class representative incentive awards. *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002). Although the requested award is on the higher end of the spectrum, courts in the Eighth Circuit "regularly grant service awards of $10,000 or greater." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017) (citing *Zillhaver v. UnitedHealth Group, Inc.*, 646 F. Supp. 2d 1075, 1085 (D. Minn. 2009) (granting named plaintiffs $15,000 each in service awards)). The Class would not benefit from the relief provided by this Settlement if not for the work of Mr. Padberg, who devoted many hours to this matter including attendance at trial before this Court. Class Counsel aver that Mr. Padberg did everything he was asked to do when he was asked to do it, and such efforts should not go uncompensated. Under these circumstances, the requested incentive award is appropriate.

Accordingly, the Court GRANTS Plaintiff's Application for Award of Attorneys' Fees, Expenses and Class Representative Incentive Award, Doc. 495. The Court approves Class Counsel's fee and expense request in the form of the Settlement Fund Remainder, and approves Plaintiff Mike Padberg's request for a class incentive award in the amount of $15,000.

IT IS SO ORDERED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 30, 2018
Jefferson City, Missouri